**CHRISTINA M. GAGNIER (CA Bar No. 264578)**
gagnier@gamallp.com
GAGNIER MARGOSSIAN LLP
224 Townsend Street
San Francisco, CA 94107
Tel: (415) 795-1572
Fax: (909) 972-1639

Attorneys for Plaintiff, INN S.F. ENTERPRISE, INC.

IN THE UNITED STATES DISTRICT COURT,

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INN S.F. ENTERPRISE, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NINTH STREET LODGING, LLC, a California limited liability company,<br><br>　　　　Defendant. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>　**(1) FEDERAL UNFAIR COMPETITION;**<br><br>　**(2) TRADEMARK INFRINGEMENT CAL. BUS. & PROF. CODE § 14200 ET SEQ.;**<br><br>　**(3) UNFAIR COMPETITION CAL. BUS. & PROF. CODE § 17200 ET SEQ.; AND**<br><br>　**(4) UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiff, INN S.F. ENTERPRISE, INC., (hereinafter "Plaintiff" or "INN S.F."), by its undersigned attorneys, complains and alleges against Defendant, NINTH STREET LODGING, LLC (hereinafter "Defendant" or "NINTH STREET LODGING"), allege as follows:

**NATURE OF THE ACTION**

　　　　This is a civil action for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims for trademark infringement arising under California Business and Professions Code § 14200, et seq., unfair competition under California Business and Professions Code § 17200, et seq., and common law unjust enrichment all arising from Defendant's unauthorized use of

Plaintiff's trademark THE INN SAN FRANCISCO, in the distribution, advertising, promotion, and sale of Defendant's overnight lodging services.

## THE PARTIES

1. Plaintiff, INN S.F. ENTERPRISE, INC. is, and at all times mentioned herein was, a corporation organized and existing under the laws of California, having a principal place of business at 943 South Van Ness Avenue, San Francisco, California 94110.

2. On information and belief, Defendant, NINTH STREET LODGING, LLC, is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of California, having a principal place of business at 385 9th Street, San Francisco, California 94103.

3. On information and belief, Defendant conducts business under the name SAN FRANCISCO INN.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has related claim jurisdiction over the state trademark infringement claim, state unfair competition claim, and common law unjust enrichment claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

5. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant, NINTH STREET LODGING, LLC, because one or more of its members is domiciled in California.

6. Venue is proper in this judicial district pursuant 28 U.S.C. §§ 1391(b) and (c) because Defendant has extensive contacts with, conducts business within, and maintains a physical business presence in the Northern District of California; Defendant has advertised, promoted, and sold its services in the Northern District of California; and because Defendant has caused injury to Plaintiff in the Northern District of California.

## FACTUAL BACKGROUND

7. In 1982, Joel Daily and his partner Tony Kramedas purchased the property located at 943

South Van Ness Avenue, San Francisco, California. In 1985, they opened the property to the public as a bed and breakfast inn operating under the name, "THE INN SAN FRANCISCO." The use of the name continued when the property was sold to Marty Neely and Connie Wu in 1990. At the time of the sale in 1990, THE INN SAN FRANCISCO was a well-established bed and breakfast inn with a large network of referral and repeat business, having operated as such for almost five (5) years prior to the acquisition. The goodwill contained in the name, THE INN SAN FRANCISCO, was valued separately as an asset and transferred at the time of the sale. A true and correct copy of the sale agreement is attached as Exhibit A.

8. At all times after the sale in 1990 through the present, Neely and Wu offered bed and breakfast services under the name, THE INN SAN FRANCISCO. True and correct copies of Plaintiff's website and other branding materials are attached as Exhibit B.

9. In 1999, Marty Neely and Connie Wu filed the Articles of Incorporation with the California Secretary of State to form Plaintiff, INN S.F. ENTERPRISE, INC., which carried on doing business as THE INN SAN FRANCISCO.

10. Under Plaintiff's ownership, THE INN SAN FRANCISCO achieved international recognition, and is cited in numerous local and national publications such as Damron's Guide, San Francisco Chronicle, San Francisco Bay Guardian, and Victorian Glory. Additionally, THE INN SAN FRANCISCO was featured in The New York Times article "36 Hours in San Francisco," published on September 11, 2008. Among other noteworthy features of THE INN SAN FRANCISCO, the publications comment on its distinctive Victorian architecture, high-quality service, and gay-friendly accommodations. True and correct copies of these publications are attached as Exhibit C.

11. In addition to its architectural beauty, another reason for THE INN SAN FRANCISCO's widespread popularity and extreme distinctiveness, is the history associated with its original Victorian building. The establishment at 943 South Van Ness Avenue, San Francisco, California, was built in 1872, and is one of few Victorian houses to have survived the 7.8 magnitude earthquake that devastated San Francisco in 1906. The fire that erupted from the earthquake destroyed approximately 28,000 buildings— one-fourth of the city. However, the fires stopped about one block from where THE INN SAN

FRANCISCO stands. History aficionados and architecture lovers alike know the significance of THE INN SAN FRANCISCO, and it is widely regarded as an iconic establishment in the city of San Francisco.

**Plaintiff's Rights in THE INN SAN FRANCISCO Trademark**

12. Although Plaintiff recognizes that the trademark THE INN SAN FRANCISCO is descriptive of its bed and breakfast services, it nevertheless believes that there is sufficient evidence to conclude that it has acquired the requisite distinctiveness to achieve secondary meaning in the minds of the relevant purchasing public as a designation of source.

13. THE INN SAN FRANCISCO has been continuously offering bed and breakfast hotel services under this name for over thirty (30) years. Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of THE INN SAN FRANCISCO. True and correct copies of examples of revenue records including advertising expenditures are attached as Exhibit D.

14. Thirty years of continuous operation, the abundance of notoriety and media coverage it received and continues to receive, and its history of longstanding success is ample evidence that THE INN SAN FRANCISCO has gained secondary meaning in the minds of the relevant purchasing public as being the source of a high-quality and unique bed and breakfast experience. For this reason, THE INN SAN FRANCISCO is entitled to trademark protection under the common law. True and correct copies of revenue records are attached as Exhibit D.

15. The brand and reputation of THE INN SAN FRANCISCO is extremely important to Plaintiff. As such, Plaintiff actively and vigorously enforces its trademark against infringers. True and correct copies of examples of Plaintiff's enforcement efforts are attached as Exhibit E.

**Unauthorized Use of THE INN SAN FRANCISCO Trademark**

16. On information and belief, Defendant, NINTH STREET LODGING, is a limited liability company registered under the laws of the State of California, with members residing in California.

17. Defendant operates the SAN FRANCISCO INN located at 385 9th Street, San Francisco, California 94103. The SAN FRANCISCO INN is located approximately 1.5 miles from where Plaintiff

operates THE INN SAN FRANCISCO.

18. On information and belief, the SAN FRANCISCO INN was founded in August of 2013—over twenty-eight (28) years after the opening of THE INN SAN FRANCISCO.

19. Based on the close proximity in location and the longstanding nature of Plaintiff's business, Defendant knew or should have known about Plaintiff's common law trademark rights in THE INN SAN FRANCISCO prior to selecting and operating under the confusingly similar name, SAN FRANCISCO INN.

20. Defendant's name, SAN FRANCISCO INN, is confusingly similar to that of Plaintiff's trademark, THE INN SAN FRANCISCO, in sight, sound, and meaning.

21. On information and belief, Defendant provides numerous services that are similar and compete with those of Plaintiff including but not limited to overnight lodging services, bed and breakfast services, hotel services, and making reservations for others. A true and correct copy of a description of Defendant's services from Defendant's website is attached as Exhibit F.

22. On information and belief, in view of the similarity of Defendant's services, Defendant offers such services to potentially overlapping customers using Plaintiff's THE INN SAN FRANCISCO trademark and/or confusingly similar variations thereof.

23. Moreover, Defendant offers its services under the infringing mark in the same channels of trade as those in which Plaintiff's legitimate goods and services are offered.

24. Based on the ratings and information provides by multiple consumer review sites, Defendant is viewed by the purchasing public to offer a much lower quality service than that of Plaintiff. Numerous customers of Defendant's SAN FRANCISCO INN have commented on the hotel's poor cleanliness, bedbugs, and less than desirable smell. Conversely, customers of Plaintiff's THE INN SAN FRANCISCO rave about its "extremely friendly and helpful" staff, "absolutely beautiful" décor, and "delicious breakfast." In light of these contrasting reviews, Defendant's use of a confusingly similar mark to that of THE INN SAN FRANCISCO has deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its services offered under Plaintiff's mark. True and correct copies of the consumer review pages for the SAN FRANCISCO INN and THE INN SAN FRANCISCO

are attached as Exhibit G.

25. On February 25, 2014, Plaintiff sent a letter to Defendant requiring that Defendant cease and desist using the mark SAN FRANCISCO INN and any other confusingly similar variation thereof. Despite actual notice of its infringement, Defendant has not ceased its operation and continues to infringe on Plaintiff's valid trademark.

26. Defendant's actions constitute knowing, deliberate, and willful infringement of Plaintiff's trademark.

**Instances of Actual Confusion**

27. For the past two years, the similarity in names of THE INN SAN FRANCISCO and SAN FRANCISCO INN has caused endless confusion for customers and potential customers. Malicious Yelp reviews have been posted on THE INN SAN FRANCISCO's review pages that, upon clarification, were referring to the experiences at Defendant's SAN FRANCISCO INN. True and correct copies of such Yelp reviews are attached are Exhibit H.

28. Customers have booked rooms at THE INN SAN FRANCISCO, and arrived at the SAN FRANCISCO INN thinking they were at the correct location. Additionally, customers have contacted THE INN SAN FRANCISCO regarding extra charges on their credit card statement, only to realize that they contacted the wrong establishment. True and correct copies of such customer exchanges are attached as Exhibit I.

29. Plaintiff has received mail listing the wrong business name, but bearing the correct street address for THE INN SAN FRANCISCO. True and correct copies of such mail are attached as Exhibit J.

**FIRST CAUSE OF ACTION**

**(Unfair Competition Under 15 U.S.C. § 1125(a))**

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through paragraph 29 hereof, with the same force and effect as if fully set forth herein.

31. Under 15 U.S.C. § 1125(a), "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof . . . that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or

association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person that believes that he or she is or is likely to be damaged by such act."

32.     Defendant's mark is similar in sight, sound, and meaning to Plaintiff's mark. Defendant offers numerous competing services at a location merely 1.5 miles away from that of Plaintiff. Defendant uses the same channels of trade to offer its competing services as that of Plaintiff. For the foregoing reasons, Defendant's use of Plaintiff's mark is likely to cause confusion, mistake, and deception among consumers. This is further evidenced by the instances of actual consumer confusion that have already occurred.

33.     Defendant's unfair competition has caused and will continue to cause damage to Plaintiff, and is causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

34.     Moreover, Defendant's actions constitute knowing, deliberate, and willful unfair competition. The knowing and intentional nature of the acts set forth herein renders this case exceptional under 15 U.S.C. § 1117(a).

35.     For the foregoing acts, Defendant is liable to INN S.F. ENTERPRISE for unfair competition under 15 U.S.C. § 1125(a).

**SECOND CAUSE OF ACTION**

**(Trademark Infringement Under Cal. Bus. & Prof. Code § 14200, et seq.)**

36.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through paragraph 35 hereof, with the same force and effect as if fully set forth herein.

37.     Under California Business & Professions Code § 14202(b) a "[s]ervice mark means any word, name, symbol, or device, or any combination thereof, used by a person to identify and distinguish the services of that person, including a unique product, from the services of others, and to indicate the source of the services, even if that source is unknown." A "[m]ark includes any trademark or service mark entitled to registration . . . whether registered or not." Cal. Bus. & Prof. Code § 1402(c). Although Cal. Bus. & Prof. Code § 1405(e)(1) states that a mark is not entitled to registration if "it is merely descriptive" of the goods or services offered, § 1405(e)(3) goes on to state that "nothing in this paragraph

shall prevent the registration of a mark . . . that has become distinctive of . . . the goods or services."

38. Plaintiff possesses a valid mark entitled to protection under Cal. Bus. & Prof. Code § 14200, et seq.—namely THE INN SAN FRANCISCO trademark—because there is sufficient evidence that it has acquired the requisite distinctiveness needed to become distinctive of Plaintiff's bed and breakfast services. Such evidence includes over thirty years of continuous operation, the abundance of notoriety and media coverage it received and continues to receive, and its history of longstanding success.

39. THE INN SAN FRANCISCO gained secondary meaning in the minds of the relevant purchasing public as being the provider of a high-quality and unique bed and breakfast experience and is entitled to trademark protection under the common law.

40. Defendant's use of Plaintiff's THE INN SAN FRANCISCO trademark is likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Defendant and its advertising services with Plaintiff, and as to the origin, sponsorship, or approval of Defendant and their services, in violation of Cal. Bus. & Prof. Code § 14200, et seq.

41. Defendant's unauthorized conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its services offered under Plaintiff's mark, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant.

42. As a result of Defendant's aforesaid conduct, Plaintiff has suffered substantial damages as well as the continuing loss of the goodwill and reputation established by Plaintiff in its mark. This continuing loss of goodwill cannot be properly calculated, and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

43. For the foregoing acts, Defendant is liable to INN S.F. ENTERPRISE for trademark infringement under Cal. Bus. & Prof. Code § 14200, et seq.

### THIRD CAUSE OF ACTION

**(Unfair Competition Under Cal. Bus. & Prof. Code § 17200, et seq.)**

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through

paragraph 43 hereof, with the same force and effect as if fully set forth herein.

45. Cal. Bus. & Prof. Code § 17200, et seq., states that unfair competition shall mean and include any "unlawful, unfair or fraudulent business act or practice."

46. Defendant's actions as alleged herein constitute unlawful business acts and/or practices under Cal. Bus. & Prof. Code § 17200, et seq.

47. Defendant's conduct constitutes unfair business acts and/or practices because Defendant has knowingly and unfairly used and infringed Plaintiff's THE INN SAN FRANCISCO trademark while engaging in a business practice. This behavior is exhibited by Defendant's adoption of the SAN FRANCISCO INN as its business name in 2013, when it knew or should have known that Plaintiff operated and continued to operate THE INN SAN FRANCISCO over twenty-eight years. Moreover, upon receiving Plaintiff's February 25, 2014 letter detailing Plaintiff's valid trademark rights in THE INN SAN FRANCISCO, Defendant continued engaging in business as the SAN FRANCISCO INN. This knowing infringement is immoral, unethical, and continues to add to the injurious consumer confusion.

48. Defendant's conduct further constitutes fraudulent business acts and practices because Defendant has deceptively and unfairly marketed, advertised, sold, and/or rendered services under trademarks that are confusingly similar to Plaintiff's THE INN SAN FRANCISCO trademark.

49. As a direct and proximate result of Defendant's wrongful acts, Plaintiff is likely and/or has suffered, and is likely to continue to suffer damage to its business reputation and goodwill. Plaintiff is informed and on that basis avers that unless enjoined and restrained by this Court, Defendant will continue, unless restrained, to use the marks, and to deceptively and unfairly market, advertise, and promote its business. This will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with Defendant from engaging in further acts of unfair competition. Such harm will continue and increase until Defendant is preliminarily and permanently enjoined from its unlawful conduct.

50. Plaintiff is further entitled to recover from Defendant the actual damages that it sustained

and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered and/or is likely to suffer by reason of Defendant's acts of unfair competition.

51. Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of unfair competition.

52. For the foregoing acts, Defendant is liable to INN S.F. ENTERPRISE for unfair competition under the Cal. Bus. & Prof. Code § 17200, et seq.

## FOURTH CAUSE OF ACTION

### (Unjust Enrichment Under Common Law)

53. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through paragraph 52 hereof, with the same force and effect as if fully set forth herein.

54. Defendant, through the conduct alleged herein, has received the benefits of the use and exploitation of Plaintiff's trademarks and of Plaintiff's goodwill.

55. Defendant has unjustly retained the benefits of its use and exploitation of Plaintiff's trademarks and of Plaintiff's goodwill at Plaintiff's expense.

56. As a direct, proximate, and foreseeable result of the conduct alleged above, Defendant has been unjustly enriched through the use and exploitation of Plaintiff's trademarks and of Plaintiff's goodwill and has deprived Plaintiff of money wrongfully paid to Defendants, but, absent Defendant's violations, would have otherwise been due to Plaintiff. Plaintiff is entitled to restitution of any and all such sums in an amount to be determined at trial.

57. As a direct and proximate result of Defendant's wrongful acts, Plaintiff is likely and/or has suffered, and is likely to continue to suffer substantial, immediate, and irreparable injury. Plaintiff is informed and on that basis avers that unless enjoined and restrained by this Court, Defendant will continue, unless restrained, to engage in unlawful and wrongful conduct in violation of California law. This will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is

entitled to an injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with Defendant from engaging in further acts of unfair competition. Such harm will continue and increase until Defendant is preliminarily and permanently enjoined from its unlawful conduct.

## PRAYER FOR RELIEF

Wherefore Plaintiff prays judgment against Defendant as follows:

1. Defendant, NINTH STREET LODGING, LLC, and their agents, officers, employees, representatives, successors and assigns, attorneys, and all others persons acting for, with, by, through, or under authority from Defendant, be preliminarily and permanently enjoined from:

   a. Using INN S.F. ENTERPRISE, INC.'s trademarks or any colorable imitation thereof;

   b. Using any trademark that imitates or is confusingly similar to or in any way similar to INN S.F. ENTERPRISE, INC.'s trademark THE INN SAN FRANCISCO, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin or INN S.F. ENTERPRISE, INC.'s services or their connectedness to Defendant.

2. Defendant be required to file with the Court and serve on INN S.F. ENTERPRISE, INC. within thirty (30) days of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction;

3. That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by INN S.F. ENTERPRISE, INC. resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to INN S.F. ENTERPRISE, INC. for any and all profits derived by it from its illegal acts complained of herein;

5. That Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody, or under the control of Defendant bearing a trademark found to infringe on INN S.F. ENTERPRISE, INC.'s trademark rights;

6. For an award of damages caused by Defendant's unlawful conduct in an amount to be ascertained at trial, including damages accruing from lost sales, lost licensing royalties and loss of

goodwill;

7. For an award of Defendant's profits stemming from their unlawful conduct in an amount to be ascertained at trial;

8. For restitution of Defendant's ill-gotten gains and such sums as would otherwise have been owed or paid to Plaintiff absent Defendant's violations of law, in an amount to be ascertained at trial;

9. That the Court declare this to be an exceptional case and award INN S.F. ENTERPRISE, INC. its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

10. That the Court grant INN S.F. ENTERPRISE, INC. any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and,

11. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 4th day of February, 2016.

GAGNIER MARGOSSIAN LLP

By: _____
Christina M. Gagnier (CA Bar No. 264578)
Attorney for Plaintiff,
INN S.F. ENTERPRISE, INC.

COMPLAINT FOR FEDERAL UNFAIR COMPETITION; TRADEMARK INFRINGEMENT UNDER CAL. BUS. & PROF. CODE § 14200 ET SEQ.; UNFAIR COMPETITION CAL. BUS. & PROF. CODE § 17200 ET SEQ.; AND UNJUST ENRICHMENT

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues triable before a jury.

Dated: February 4, 2016

By: *Christina Gagnier*
Christina M. Gagnier (CA Bar No. 264578)
Attorney for Plaintiff,
INN S.F. ENTERPRISE, INC.