1

2

3

4                                          UNITED STATES DISTRICT COURT

5                                        NORTHERN DISTRICT OF CALIFORNIA

6

7    INN S.F. ENTERPRISE, INC.,                          Case No. 16-cv-00599-JD

8                          Plaintiff,

9                  v.                                    **ORDER RE DEFAULT AND SERVICE**
                                                          Re: Dkt. No. 18
10   NINTH STREET LODGING, LLC,

11                         Defendant.

12          Defendant Ninth Street Lodging, LLC ("Ninth Street"), asks the Court to set aside the

13   default entered by the Clerk on May 3, 2016 (Dkt. No. 15).  Dkt. No. 18.  As Ninth Street has

14   shown, plaintiff Inn S.F. Enterprise, Inc. ("Inn S.F.") failed to perfect service under Federal Rule

15   of Civil Procedure 4 by failing to serve a summons with the complaint.  *See* Fed. R. Civ. P. 4(c)(1)

16   ("A summons must be served with a copy of the complaint.  The plaintiff is responsible for having

17   the summons and complaint served within the time allowed by Rule 4(m) and must furnish the

18   necessary copies to the person who makes service.").  As of today, no docket entry shows that Inn

19   S.F. has even sought to have a summons issued by the Court, let alone served it.  Faced with these

20   facts, and despite its counsel's prior declaration under penalty of perjury to the Clerk that service

21   was perfected, *see* Dkt. No. 14-1 ¶ 4, Exh. 2, Inn S.F. does not oppose setting aside the default.

22   Dkt. No. 20.  Consequently, the Court vacates the Clerk's entry of default (Dkt. No. 15) for good

23   cause shown, pursuant to Rule 55(c).

24          In the statement of non-opposition, Inn S.F. asks that Ninth Street agree "to save the

25   expense of serving a summons and complaint" by signing a waiver of the service of summons.

26   Dkt. No. 20 at 1.  This request was filed on May 12, 2016, which is 98 days after the filing of the

27   complaint on February 4, 2016.  Service of the complaint was thus already overdue under Rule

28   4(m), which requires a complaint to be served within 90 days or risk dismissal of the case.  Inn

United States District Court
Northern District of California

1    S.F. provides no explanation or good cause for failing to serve Ninth Street within the time and in

2    the manner mandated by the Federal Rules of Civil Procedure.

3         But because the Court favors the disposition of cases on the merits, Inn S.F. has one final

4    opportunity to serve the complaint properly.  Inn S.F. should obtain a summons from the Clerk of

5    the Court and serve the summons and complaint on Ninth Street no later than June 3, 2016.  The

6    service must comply in all respects with the Federal Rules of Civil Procedure and the Court's

7    Civil Local Rules.  If Inn S.F. fails to comply with this order, or any of the applicable procedural

8    rules, or fails to serve Ninth Street properly by June 3, 2016, the Court will dismiss this action

9    under Rule 4 or for failure to prosecute.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to

10   prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

11   action or any claim against it.")

12        **IT IS SO ORDERED.**

13   Dated: May 20, 2016

14

15   _____

16   JAMES DONATO
     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

2