1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7   INN S.F. ENTERPRISE, INC.,                    Case No. 3:16-cv-00599-JD
8                        Plaintiff,
9          v.                                     **ORDER RE MOTIONS FOR
                                                  SUMMARY JUDGMENT**
10  NINTH STREET LODGING, LLC,                    Re: Dkt. Nos. 46, 47
11                       Defendant.

12          Plaintiff Inn S.F. Enterprise, Inc. ("Inn SF") and defendant Ninth Street Lodging, LLC

13  ("Ninth Street") provide lodging services in San Francisco. Inn SF operates a bed-and-breakfast

14  that has called itself "The Inn San Francisco" since 1985. Dkt. No. 1 at 3. "The Inn San

15  Francisco" is not a registered federal trademark. Since 2013, Ninth Street has operated a motel

16  under the name "San Francisco Inn." Dkt. No. 25 at 2, 4. Inn SF alleges that it has a valid

17  trademark in "The Inn San Francisco" and that Ninth Street's use of "San Francisco Inn" infringes

18  its mark. Inn SF is suing for unfair competition under the Lanham Act, trademark infringement

19  and unfair competition under California law, and common law unjust enrichment. Dkt. No. 1 at

20  1-2.

21          Ninth Street has answered the complaint with a number of affirmative defenses and

22  counterclaims. Dkt. No. 25. Ninth Street now moves for summary judgment on all of Inn SF's

23  claims, arguing that "The Inn San Francisco" is not a valid trademark because it is either generic

24  or descriptive and lacks secondary meaning. Dkt. No. 46. Inn SF opposes the motion and moves

25  for summary judgment on a number of Ninth Street's affirmative defenses and counterclaims.

26  Dkt. No. 47.

27
28

**LEGAL STANDARD**

"A party may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought. The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may dispose of less than the entire case and just portions of a claim or defense. *Smith v. State of California Dep't of Highway Patrol*, 75 F. Supp. 3d 1173, 1179 (N.D. Cal. 2014).

Under Rule 56, a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict" for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it could affect the outcome of the suit under the governing law. *Id.* at 248-49. In determining whether a genuine dispute of material fact exists, the Court will view the evidence in the light most favorable to the non-moving party and draw "all justifiable inferences" in that party's favor. *Id.* at 255. A principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The moving party must initially establish the absence of a genuine issue of material fact, which it can do by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. It is then the nonmoving party's burden to go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Id.* at 323-34. "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). It is not the Court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quotations omitted).

In an action for trademark infringement, the trademark's validity is "a threshold issue on which the plaintiff bears the burden of proof." *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005) (internal quotation omitted). Trademark law organizes terms into four different categories: (1) generic, (2) descriptive, (3) suggestive, and (4) arbitrary or fanciful. *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1146 (9th Cir. 1999). "The Inn San Francisco" is not suggestive, arbitrary, or fanciful, and Inn SF

does not argue otherwise. *See* Dkt. No. 52 at 10 (framing the threshold issue as whether Inn SF's mark is descriptive); *see also Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1142 (9th Cir. 2002) (suggestive mark requires consumer to use imagination or multistage reasoning to understand the mark's significance). Consequently, "The Inn San Francisco" must be either generic or descriptive.

A term is generic if it is a common word or phrase that describes "a class of goods rather than an individual product." *Japan Telecom, Inc. v. Japan Telecom Am., Inc.*, 287 F.3d 866, 872 (9th Cir. 2002) (internal quotation omitted). A generic term can never be a valid mark. In contrast, a term is descriptive if it defines "qualities or characteristics of a product in a straightforward way that requires no exercise of the imagination to be understood." *Entrepreneur Media*, 279 F.3d at 1141-42 (internal quotation omitted). A descriptive mark may be protected if it has acquired "secondary meaning in the minds of consumers, i.e., it has become distinctive of the trademark applicant's goods in commerce." *Filipino Yellow Pages*, 198 F.3d at 1147 (internal quotation omitted). The proponent of a weak descriptive term -- a term "perilously close to the generic line" -- must make out "a strong showing of strong secondary meaning" to establish validity. *Id.* at 1151 (internal quotation omitted).

## DISCUSSION

The record shows that "The Inn San Francisco" is best understood as a generic term. Our circuit uses a "who-are-you/what-are-you" test to distinguish between generic and descriptive marks. *Yellow Cab*, 419 F.3d at 929. Terms that answer the "what are you?" question are typically generic, and terms that answer the "who are you?" question may be descriptive. *Id.* In *Advertise.com, Inc. v. AOL Advertising, Inc.*, 616 F.3d 974, 978 (9th Cir. 2010), for example, the court applied the "who-are-you/what-are-you" test and found that "Advertising.com" is very likely generic because "any online advertising company, including AOL's competitors," could respond to "what are you?" with "an advertising.com" or "an advertising dot-com." Conversely, an AOL competitor asked to refer someone to "an advertising dot-com" could reasonably offer its own services. *Id.*

3

Like "Advertising.com," the term "The Inn San Francisco" is an answer to "what are you?" rather than "who are you?" Any lodging services provider in San Francisco could answer "what are you?" with "an inn in San Francisco." Conversely, an Inn SF competitor asked to refer someone to "an inn in San Francisco" could reasonably offer its own services. That is good evidence of the genericness of the claimed mark, which modifies a clearly generic term by prepending "the" and deleting "in."

To be sure, adding or deleting a preposition from a generic term may in some cases result in a non-generic term. But the undisputed evidence here shows that the exact term "Inn San Francisco" is used by many other lodging providers in San Francisco. *See* Dkt. No. 46-6 (listing "Seaside Inn San Francisco," "Presidio Inn San Francisco," as well as multiple "Holiday Inn San Francisco" locations, "Days Inn San Francisco" locations, and "Hampton Inn San Francisco" locations, among others). This usage of "Inn San Francisco" indicates that "Inn San Francisco" is not an unusual way to title or refer to an inn located in San Francisco. The term is widely used in a generic fashion by other lodging providers, who distinguish their own services by prefacing the term with a more specific descriptor (e.g., *Seaside* Inn San Francisco, *Presidio* Inn San Francisco).

Consequently, Ninth Street has presented evidence of genericness that is substantial and not subject to serious dispute. Inn SF has not offered any relevant evidence in rebuttal. Specifically, Inn SF did not submit any evidence that pertains directly to its own proposed mark, such as evidence of consumer perception. *See, e.g.*, *California Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1455 (9th Cir. 1985) (discussing survey evidence of consumer beliefs). Instead, Inn SF only submits examples of other federally registered marks that combine a geographic location with the words "inn" or "hotel." Dkt. No. 52 at 9. Those examples have nothing to do with whether "The Inn San Francisco" is generic. The burden rests on Inn SF to establish non-genericness, and Ninth Street has offered essentially unopposed evidence that the disputed mark is generic. Summary judgment for Ninth Street would be appropriate on those grounds alone. *See Filipino Yellow Pages*, 198 F.3d at 1151.

For the sake of completeness, the Court notes that even if "The Inn San Francisco" were viewed as descriptive, it is at best only weakly descriptive. To survive summary judgment on this

1   score, Inn SF must tender evidence that would permit the Court to reasonably infer that the mark

2   has become distinctive of Inn SF's bed-and-breakfast services in the mind of the consuming

3   public. "Factors considered in determining whether a secondary meaning has been achieved

4   include: (1) whether actual purchasers of the product bearing the claimed trademark associate the

5   trademark with the producer, (2) the degree and manner of advertising under the claimed

6   trademark, (3) the length and manner of use of the claimed trademark, and (4) whether use of the

7   claimed trademark has been exclusive." *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d

8   814, 822 (9th Cir. 1996) (internal quotation omitted).

9       Inn SF has not carried its burden. It proffers some evidence of advertising expenditures

10  but has not submitted any of the relevant ads. Because no ads have been produced, the Court has

11  no basis for finding that any of the advertising could have fostered consumer association between

12  Inn SF and the claimed mark. Moreover, Inn SF's evidence of expenditures and sales is offered

13  with scant explanation and is difficult to parse. For instance, on advertising expenditures, Inn SF

14  simply directs the Court to a hodge-podge compilation of what appears to be hand-written and

15  printed receipts. Dkt. No. 48-3. The same goes for Inn SF's records of bookings and sales over

16  time. Dkt. No. 48-5.

17      Inn SF says that it has enjoyed unsolicited media coverage at the local, national, and

18  international level, and cites to several publications that have featured the inn. This coverage is

19  unsurprising for a bed-and-breakfast establishment that has been doing business in a popular

20  tourist destination for over thirty years, and is of little value in establishing a trademark. Because

21  Inn SF never discusses how many readers are reached by such publications, the Court cannot infer

22  that a notable portion of the consuming public would ever have been exposed to the relevant

23  coverage; specialty publications such as the 19th edition of *Victorian Glory -- In San Francisco*

24  *and the Bay Area; Bed & Breakfasts and Country Inns* seem unlikely to have reached a wide

25  national audience. *See* Dkt. No. 52 at 15. According to Inn SF, the most compelling evidence of

26  media coverage is a September 2008 New York Times article. *Id.* An employee declares that the

27  article continues to be a source of bookings for Inn SF. *See* Dkt. No. 47-23 at 45. Even taking

28

5

that testimony at face value, the existence of a ten-year-old New York Times article mentioning the inn does not indicate strong secondary meaning for consumers generally.

Inn SF also claims that it has used its mark continuously and to the substantial exclusion of others. But it does not produce any evidence of substantial exclusion and fails to rebut contrary evidence offered by Ninth Street. *See* Dkt. No. 46-6 (listing forty-five lodging providers in San Francisco that use "The Inn San Francisco" or some variation thereof in their names). Inn SF says the Court may disregard the use of "Inn San Francisco" by corporate hotel chains, but the use of "Inn San Francisco" by multiple corporate hotel chains suggests that the term is generic. And as Inn SF acknowledges, Seaside Inn San Francisco and Mission Inn in San Francisco are not examples of corporate chains, yet it does not elaborate further and does not describe how long those establishments have operated or advertised under those names. *See* Dkt. No. 52 at 17-18.

Finally, Inn SF lays claim to consumer confusion, but with little support in the record. *Id.* at 23. Inn SF refers the Court to a document at Dkt. No. 47-9. This is a 34-page compilation of various hand-written and scanned notes, as well as print-outs of some Yelp reviews, booking records, and emails, all marked up by what appears to be employee commentary. These notes are entirely unexplained and do not support an inference of consumer confusion.

## CONCLUSION

Summary judgment is granted to Ninth Street on Inn SF's federal claims. Inn SF's complaint also alleges state law trademark and unjust enrichment claims. Since subject matter jurisdiction was based on the federal claims that have been dismissed, the Court declines to consider the remaining state law claims, and they are dismissed without prejudice. 28 U.S.C. § 1367(c); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Inn SF's motion for summary judgment is denied in its entirety.

**IT IS SO ORDERED.**

Dated: January 9, 2018

_____
JAMES DONATO
United States District Judge