UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INN S.F. ENTERPRISE, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NINTH STREET LODGING, LLC,<br><br>　　　　Defendant. | Case No. 3:16-cv-00599-JD<br><br>**ORDER RE MOTIONS FOR ATTORNEYS' FEES AND TO REOPEN CASE**<br><br>Re: Dkt. Nos. 68, 69 |

　　　　The Court granted summary judgment for defendant Ninth Street Lodging, LLC ("Ninth Street") on the federal claims of plaintiff Inn S.F. Enterprise, Inc. ("Inn SF"), declined to exercise supplemental jurisdiction over Inn SF's state claims, and denied summary judgment for Inn SF on Ninth Street's counterclaims. Dkt. No. 65. The Court also entered judgment against Inn SF. Dkt. No. 66.

　　　　Ninth Street now asks for attorney's fees under the Lanham Act and 28 U.S. Code Section 1927. Dkt. No. 68. Fee awards under both statutes are entrusted to the district court's sound discretion. *See SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (Lanham Act); *Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1995) (Section 1927). The Court declines to award fees under either statute.

　　　　The Lanham Act states that a court in "exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). This fee-shifting provision is "parallel and identical" to that of the Patent Act, 35 U.S. Code Section 285. *SunEarth*, 839 F.3d at 1180. As the Supreme Court has described in the context of the Patent Act, the power to award fees is "reserved for 'exceptional' cases." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756. After *Octane Fitness*, the "district court determines whether an action qualifies as exceptional in light of the totality of the circumstances in each case. Relevant factors include, but

are not limited to, 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' . . . [C]onduct need not be independently sanctionable to warrant fee shifting. But the totality of the circumstances must show that a case was egregious on the merits or in the way it was handled, or in some combination of the two." *In re Protegrity Corp.*, No. 3:15-MD-02600-JD, 2017 WL 747329, at *2 (N.D. Cal. Feb. 27, 2017) (citing *Octane Fitness*, 134 S. Ct. at 1756 n.6, 1756-57).

Taking into consideration the totality of the circumstances, including the substantive merits of Inn SF's case and the way it conducted the litigation, the Court concludes that this was not an exceptional case under Section 1117(a). There is no doubt that Inn SF raised colorable questions of trademark law with respect to its mark. *See, e.g.*, Dkt. No. 52 at 8-11. That position was not rendered exceptional for fee-shifting purposes just because Inn SF did not prevail in the end. *See In re Protegrity*, 2017 WL 747329 at *3. Nothing in the record shows that Inn SF handled the litigation in an egregious or abusive manner. The few conduct instances Ninth Street complains about involve minor issues that were not at all out of the mainstream of typical litigation.

For the same reasons, fee shifting is not warranted under section 1927. "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith. . . . Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). Inn SF did not raise frivolous arguments or sue mainly to harass Ninth Street.

Ninth Street's request to reopen the case for its two remaining counterclaims, Dkt. No. 69 at 2, is also denied. The counterclaim for fees under Section 1927 is moot in light of the Court's preceding discussion. The counterclaim for unfair competition arises under state law, and the

Court declines to exercise supplemental jurisdiction.  That claim is dismissed without prejudice. 28 U.S.C. § 1367(c); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

**IT IS SO ORDERED.**

Dated:  January 29, 2018

JAMES DONATO
United States District Judge